NORMAND BEAULIEU *vs.* KENNETH A. WALSH *et al., As Members of the Personnel Board of the City of Woonsocket.*

JUNE 24, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for an alternative writ of mandamus seeking to compel the personnel board of the city of Woonsocket to certify the petitioner as qualified for a permanent appointment to the position of maintenance helper in the department of safety of that city.

On December 23, 1957 petitioner filed an application with the personnel director for appointment to the above-mentioned position of maintenance helper. The making of such appointments within the municipal government is controlled by chapter IX of the city charter and the provisions of the personnel code enacted by the city council in accordance with the provisions of chap. IX. Section VIII A of the personnel code requires that appointments be made from an "Eligible List" formulated in pursuance of the "position classification plan" required by chap. IX of the charter.

At the time petitioner filed his application on December 23, 1957 no eligible list had yet been established. Under the authority of sec. VIII C of the personnel code which refers to the filling of vacancies pending the establishment of an eligible list, the director of public safety on March 17, 1958 gave petitioner a temporary appointment to the position in question. Under the terms of sec. VIII C such temporary appointment terminates upon the establishment of an eligible list.

On August 17, 1958 petitioner took an examination for a permanent appointment to the aforesaid position. He was subsequently notified that he had obtained a passing grade on the examination and that as a result thereof he ranked number eight on the eligible list. On October 24, 1958 petitioner received notification that he had not been certified by the respondent board as qualified for the posi-

tion and that therefore his temporary employment would be terminated.

The instant application for an alternative writ of mandamus is based upon petitioner's contention that under the provisions of the city charter the personnel board was required to certify his name inasmuch as he had received a passing grade on the examination. The alleged authority for the refusal of the board to certify petitioner is sec. VIII A of the personnel code, which reads in part as follows:

> "Director To Certify Three Highest Names Of Eligibles For Original Appointment To A Vacancy: In the event that a vacancy is to be filled by original Appointment, the Director shall certify to the Appointing Authority, the three highest names on the Eligible List deemed most appropriate. The Appointing Authority may, with the approval of the Director, specify the sex of the person to be certified. In such case the Director shall certify the three highest eligibles of that sex. The Director shall notify in writing the persons certified, and require that they acknowledge receipt of such notice by writing immediately to the Division. If such acknowledgement is not received within five days, or if a person certified does not report to the Appointing Authority within ten (10) days, the Director shall certify to the Appointing Authority the name of the next highest person on the Eligible List. Within fifteen (15) days after receiving the certification of eligibles, the Appointing Authority shall appoint one of the available certified persons."

The petitioner does not contend that his name should have been placed among the three highest on the list, nor does he challenge the clear effect of the above-quoted language. However, he contends that the quoted section is in conflict with the city charter and that the charter provisions consequently control.

The portion of the charter which is alleged to require the certification of any person who passes an examination is chap. IX, sec. 8. The language of that section is:

"Before any person may assume the duties of any employment in the classification plan, the personnel board shall first review the qualifications of such person for the purpose of determining his eligibility under the classification plan. If the board is satisfied that the person is properly qualified, it shall so notify the personnel director who forthwith shall approve the appointment made by the department head or other appointing authority. If the board is satisfied that the person does not possess the qualifications required, it shall so notify the personnel director and the appointment shall be void and illegal. It shall be the duty of the personnel director to examine all payrolls covering classified employees for the purpose of determining that all persons to whom payments are to be made are properly employed and have been approved by the personnel board as to eligibility, and no authority shall exist to certify the payroll or to make any payment to persons not properly employed as herein provided."

The narrow question herein is whether sec. VIII A of the personnel code, permitting certification of only the three highest names on the eligible list, is a proper municipal regulation within the authority of chap. IX, sec. 8, of the charter.

Chapter IX, which is entitled "Personnel," sets forth the basic policies for appointments, promotions, classification of personnel, and the establishment and maintenance of a personnel board. Section 3 of that chapter, which is specifically in issue herein, begins as follows: "Within one year from the effective date of this charter the council shall adopt ordinances *which shall include but not be restricted to* the following provisions * * *." (italics ours) The section then proceeds to outline the requirement of a "position classification plan."

The personnel code which was adhered to by the respondent board in the case before us was enacted in response to the mandate of chap. IX, sec. 3, of the charter as immedi-

ately above quoted. Unquestionably the personnel code is considerably more specific than chap. IX, sec. 3, of the charter in defining the qualifications of personnel as a prerequisite to appointment. However, it is to be noted that chap. IX of the charter calls for the establishment of a "position classification plan" but does not define of what that classification plan shall consist.

We are unable to perceive any conflict between sec. VIII of the personnel code and chap. IX of the city charter. It is true that the personnel code establishes more strict criteria for appointment than does the charter. However, we think it is clear from a reading of chap. IX that the objective therein is simply to establish minimum standards, and that the city council is specifically empowered to define and narrow the requirements outlined in the charter.

The petitioner argues that the personnel code is too restrictive in limiting the appointive power of department heads, and that the code fails to consider certain factors relevant to qualifications for employment. It is our opinion that in this respect petitioner's argument is addressed to the legislative discretion of the city council and does not bear upon their authority to enact ordinances within the power granted to them by the charter. Clearly it is not for this court to pass upon the policy decisions of the city council in conducting the affairs of the city.

In our opinion sec. VIII of the personnel code of the city of Woonsocket is a legitimate exercise of the city council's power to establish a "position classification plan" within the authority of chap. IX of the city charter. The charter provisions purport to accomplish no more than to outline general policies and minimum standards. We think it clear that the challenged provisions of the personnel code are consistent with the policies and within the standards contained in chap. IX of the charter.

The petition for an alternative writ of mandamus is denied and dismissed, and the writ heretofore issued is quashed.

*Frank O. Lind, Jr.,* for petitioner.

*Richard A. Baldwin,* City Solicitor, for respondent board.